Scott E. Davis
State Bar No. 016160
SCOTT E. DAVIS, P.C.
8360 E. Raintree Drive, Suite 140
Scottsdale, AZ 85260

Telephone: (602) 482-4300
Facsimile: (602) 569-9720
email: davis@scottdavispc.com

*Attorney for Plaintiff Deborah Marks*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Deborah Marks,<br><br>  Plaintiff,<br><br>  v.<br><br>Anthem Life Insurance Company, Pacific Dental Services, Inc. Employee Benefit Plan, Pacific Dental Services, Inc.,<br><br>  Defendants. | Case No.<br><br>**COMPLAINT** |

Now comes the Plaintiff Deborah Marks (hereinafter referred to as "Plaintiff"), by and through her attorney, Scott E. Davis, and complaining against the Defendants, she states:

## *Jurisdiction*

1. Jurisdiction of the Court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. §§1132(e)(1) and 1132(f). Those provisions give the district courts jurisdiction to hear civil actions brought to recover employee benefits. In addition, this action may be brought before this Court pursuant to 28

U.S.C. §1331, which gives the Court jurisdiction over actions that arise under the laws of the United States.

### *Parties*

2. Plaintiff is a resident of Maricopa County, Arizona.

3. Upon information and belief, Defendant Pacific Dental Services, Inc. (hereinafter referred to as the "Company") sponsored, subscribed to and administered an Employee Welfare Benefit Plan within the meaning of 29 U.S.C. §1002(1). Upon information and belief, the name of the plan entity is the Pacific Dental Services, Inc. Employee Benefit Plan (hereinafter referred to as the "STD Plan") which was created to provide the Company's employees with welfare benefits.

4. Upon information and belief, the Company or STD Plan may have subscribed to or sponsored a disability income policy which was fully insured by a company named Anthem Life Insurance Company (hereinafter referred to as "Anthem Life"). The Company and/or STD Plan may have delegated responsibility for the STD Plan and/or claim administration to Anthem Life. Plaintiff believes that as it relates to her claim, Anthem Life functioned as the Plan and/or Claim Administrator; however, pursuant to the relevant ERISA regulation, the Company and/or STD Plan may not have made a proper delegation or properly vested fiduciary authority or power for claim administration in Anthem Life.

5. Upon information and belief, Anthem Life labored under a structural conflict of interest in that it operated in dual roles as the decision maker and payor of benefits; *to wit*, if Anthem Life approved Plaintiff's claim it was also liable for payment of benefits. [1]

---

[1] In *Saffon v. Wells Fargo & Co. Long Term Disability Plan*, 522 F.3d 863, 868 (9th Cir. 2008) the court held, "In Bruch, the Supreme Court instructed us to "weigh[ ]" a fiduciary's "conflict of interest" as "a 'facto[r]' in determining whether there is an abuse of discretion.' " 489 U.S. at 115 (quoting Restatement (Second) of Trusts § 187 cmt. d (1959)). *MetLife labors under such a conflict of interest: It both decides who gets benefits

6. The Company, Anthem Life and the STD Plan conduct business within Maricopa County and all events giving rise to this Complaint occurred within Maricopa County.

## *Venue*

7. Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391.

## *Nature of the Complaint*

8. Incident to her employment, Plaintiff was a covered employee pursuant to the STD Plan and a "participant" as defined by 29 U.S.C. §1002(7). Plaintiff seeks disability income benefits from the STD Plan and Anthem Life policy pursuant to §502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B) as well as any other employee benefits she may be entitled to as a result of being found disabled, including but not limited to, a waiver of any premiums due on a life insurance policy, company provided health insurance benefits (coverage), and company provided retirement benefits such as a pension and/or 401k contributions made by the company.

9. After working for the Company as a loyal employee, Plaintiff became disabled due to serious medical conditions and was unable to work in her designated occupation as a Registered Dental Hygienist on or about September 25, 2012. Plaintiff has remained disabled as that term is defined in the relevant STD policy continuously since that date and has not been able to return to any occupation as a result of her serious medical conditions.

---

*and pays for them, so it has a direct financial incentive to deny claims.* See Langbein, supra, at 1321 ("The danger pervades the ERISA-plan world that a self-interested plan decision maker will take advantage of its license under Bruch to line its own pockets by denying meritorious claims.")(emphasis added).

1    10.    Following her disability, Plaintiff applied for STD benefits under the relevant STD Plan and policy. The relevant STD policy provides the following definition of disability:

> Disabled and Disability means during the Elimination Period and thereafter because of Your Injury or Sickness, *all* of the following are true:
> - You are unable to do the Material and Substantial Duties of Your Own Occupation; *and*
> - You are receiving Regular Care from a Physician for the Injury or Illness; *and*
> - Your Disability Work Earnings, if any, are less than or equal to 80% of Your Weekly Earnings.

11.    In support of her claim for short term disability benefits, Plaintiff submitted medical records to Anthem Life from her treating physicians which supported her allegation she met the STD policy's relevant definition of disability and Plaintiff's claim for short term disability benefits was approved.

12.    However, Anthem Life informed Plaintiff in a letter dated October 19, 2012 it was terminating her short term disability benefits beyond October 23, 2012, after paying Plaintiff benefits for approximately one month. Anthem Life's sudden termination of Plaintiff's benefits was arbitrary and an abuse of discretion for many reasons including the fact that no evidence existed that Plaintiff's medical conditions and/or her work limitations had improved to an extent she could return to her prior work.

13.    Plaintiff timely appealed Anthem Life's decision to terminate her benefits and submitted to Anthem Life two (2) Medical Questionnaires and medical records from her treating medical professionals which supported her allegation she met the relevant definition of disability.

14.    In a letter dated November 9, 2012 Anthem Life informed Plaintiff it was upholding its prior denial of her claim and termination of her short term disability benefits. When it terminated Plaintiff's benefits, Anthem Life erroneously and unlawfully inserted a

requirement that she prove she met the definition of disability in the policy with objective medical evidence when the policy did not require the same.

15. Plaintiff timely appealed Anthem Life's November 9, 2012 denial in a letter dated November 26, 2012.

16. As part of its review of Plaintiff's claim for short term disability benefits, Anthem Life obtained a medical records only "paper review" of Plaintiff's claim from Bruce LeForce, M.D., who is a medical consultant for Reliable Review Services. Plaintiff believes the various conflicts of interests as referenced herein may have led Anthem Life to retain Reliable Review Services and Dr. LeForce to review Plaintiff's claim.

17. Upon information and belief, Plaintiff believes Dr. LeForce is a long time consultant for the disability insurance industry. Due to Dr. LeForce's relationship with the insurance industry, Plaintiff believes he has an incentive to protect his consulting relationship with the industry and Anthem Life by providing medical records review reports which selectively review, ignore evidence or add policy requirements when none exist in the policy, such as occurred in Plaintiff's claim, in order to provide opinions and report(s) which were favorable to Defendants and which supported the denial of Plaintiff's claim.

18. Anthem Life informed Plaintiff in a letter dated December 31, 2012 it had made a final decision to deny her claim for continued short term disability benefits and that she had exhausted her administrative remedies pursuant to ERISA. When it made its final decision to terminate Plaintiff's benefits, Anthem Life again erroneously and unlawfully inserted a requirement that she prove she met the definition of disability in the policy with objective medical evidence when the policy did not require the same.

19. Upon information and belief, Anthem Life's December 31, 2012 denial letter confirms it failed to provide a full and fair review pursuant to ERISA because it completely

failed to credit, reference, consider, and/or selectively reviewed and de-emphasized most, if not all of Plaintiff's reliable evidence.

20. From the time Anthem Life originally evaluated Plaintiff's claim for short term disability benefits through the present, Plaintiff has remained unable to engage in any occupation due to her medical conditions and resulting limitations.

21. Upon information and belief, when it denied her claim, Anthem Life denied Plaintiff of a lawful, full and fair review pursuant to ERISA for various reasons including but not limited to: arbitrarily rejecting Plaintiff's reliable evidence, failing to consider all evidence submitted by Plaintiff or de-emphasizing the medical evidence supporting Plaintiff's disability and emphasizing evidence which suggested an opposite conclusion, inserting a policy requirement that Plaintiff provide objective medical evidence when the policy did not require this evidence, disregarding Plaintiff's self-reported symptoms, failing to consider all the diagnoses and/or limitations set forth in her medical evidence as well as the combination of those diagnoses and impairments, failing to obtain an Independent Medical Examination when the policy allowed one and Plaintiff's disabling conditions could not be reasonably or fully evaluated by reviewing only her medical records, failing to retain an independent third party vendor to obtain a medical records review and failing to retain an independent medical records reviewer, failing to consider the impact the side effects from Plaintiff's medications would have on her ability to work.

22. Anthem Life failed to adequately investigate her claim and failed to engage Plaintiff and/or her treating medical professionals in a dialogue during the appeal with regard to what evidence was necessary so Plaintiff could perfect her appeal and claim. Anthem Life's failure to adequately investigate the claim and to engage Plaintiff in this dialogue or to obtain the evidence it believed was important to assist in perfecting the claim

is a violation of ERISA and Ninth Circuit case law and a reason she did not receive a full and fair review.

23. Anthem Life has notified Plaintiff she has exhausted her administrative appeals as it relates to her STD claim.

24. In evaluating Plaintiff's claim on appeal, Anthem Life had an obligation pursuant to ERISA to administer Plaintiff's claim "solely in her best interests and other participants" which it failed to do. [2]

25. Plaintiff is entitled to discovery regarding the aforementioned conflicts of interest and any individual or company who was involved in and/or reviewed Plaintiff's claim and the Court may properly weigh and consider evidence regarding the nature, extent and effect of *any* conflict of interest which may have impacted or influenced the decision to terminate her benefits.

26. With regard to whether Plaintiff meets the definition of disability set forth in the STD policy, the Court should review the evidence in Plaintiff's claim *de novo* because even if the Court concludes the policy and/or STD Plan documents properly confer discretion to Anthem Life, its unlawful violations of ERISA committed during the review of Plaintiff's claim as referenced herein are so flagrant they justify *de novo* review.

27. As a direct result of Anthem Life's decision to deny Plaintiff's short term disability claim, she has been injured and suffered damages in the form of lost short term

---

[2] ERISA sets a special standard of care upon a plan Anthem Life, namely, that Anthem Life "discharge [its] duties" in respect to discretionary claims processing "solely in the interests of the participants and beneficiaries" of the plan. *See* 29 U.S.C. § 1104(a)(1). ERISA simultaneously underscores the particular importance of accurate claims processing by insisting that Anthem Life's "provide a 'full and fair review' of claim denials." *See Firestone*, 489 U.S. at 113, 109 S. Ct. 948, 103 L. Ed. 2d 80 (quoting 29 U.S.C. § 1133(2)). ERISA also supplements marketplace and regulatory controls with judicial review of individual claim denials. *See* 29 U.S.C. § 1132(a)(1)(B); and, *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2350 (2008).

disability benefits in addition to other potential employee benefits she may have been entitled to receive from or through Defendants as a result of being found disabled. Plaintiff has also been advised by Anthem Life that as a result of not exhausting her short term disability benefits, she is not eligible to file a claim for long term disability benefits. As it relates to other employee benefits she may be eligible for, Plaintiff believes they may include but not be limited to, long term disability benefits, health and other insurance related coverage or benefits, retirement benefits or a pension, life insurance coverage and/or the waiver of the premium on a life insurance policy providing coverage for her and her family/dependants.

28.     Pursuant to 29 U.S.C. §1132, Plaintiff is entitled to recover the aforementioned unpaid benefits, prejudgment interest, reasonable attorney's fees and costs from Defendants.

29.     Plaintiff is entitled to prejudgment interest at the rate of 10% per annum pursuant to A.R.S. §20-462, or at such other rate as is appropriate to compensate her for losses she incurred as a result of Defendants' nonpayment of benefits.

WHEREFORE, Plaintiff prays for judgment as follows:

A.      For an Order finding that Plaintiff meets the definition of disability set forth in the STD policy and requiring Defendants to pay Plaintiff disability benefits and any other employee benefits she may be entitled to from the STD policy, from the Company and/or STD Plan as a result of being found disabled pursuant to the STD policy, from the date she was first denied these benefits through the date of judgment and prejudgment interest thereon. Plaintiff also seeks an Order that she is eligible to file a claim for long term disability benefits with Defendants;

1    B.   For an Order requiring Defendants to continue paying Plaintiff the
2 aforementioned benefits until such time as she meets the conditions for termination of
3 benefits;

4    C.   For attorney's fees and costs incurred as a result of prosecuting this suit
5 pursuant to 29 U.S.C. §1132(g); and

6    D.   For such other and further relief as the Court deems just and proper.

7                DATED this 29th day of May, 2013.

8                       SCOTT E. DAVIS. P.C.

9                       By: /s/ Scott E. Davis
                            Scott E. Davis
10                          Attorney for Plaintiff